**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**v.**                                                          **CRIMINAL ACTION NO. 5:03CR-21-R**

**LAVANCE N. DAVENPORT**                                                              **DEFENDANT**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant LaVance N. Davenport's motion for appointment of counsel pursuant to Federal Rule of Criminal Procedure 44(a) (DN 53). The United States filed a response. Defendant filed no reply. This matter being ripe for determination and for the reasons that follow, the motion will be denied.

### I.

On August 26, 2003, Defendant entered a plea of guilty to two counts of drug-trafficking offenses, and on January 16, 2004, he was sentenced to a total term of imprisonment of 70 months with an eight-year period of supervised release. The Judgment and Commitment Order was entered January 23, 2004. On or around May 20, 2008, following the Court's reduction of Defendant's sentence based on the retroactive application of the 2008 crack-cocaine amendments to the Sentencing Guidelines, Defendant was released from imprisonment to begin serving his term of supervised release. Thereafter, Defendant was arrested on other drug-trafficking charges to which he pleaded guilty. *See* Criminal Action No. 5:09CR-30-R. On March 30, 2011, the Judgment and Commitment Order was entered in the new case, 5:09CR-30-R, imposing a total term of imprisonment of 120 months and a total period of supervised release of eight years. Also on that date, the Court revoked Defendant's supervised release imposed in

the instant case and committed Defendant to the custody of the Bureau of Prisons (BOP) for a term of 18 months to run consecutively to the term of imprisonment imposed in the new 5:09CR-30-R.

**II.**

In the motion for appointment of counsel filed on September 27, 2011, Defendant argues that his original sentence in the instant case should be "overturned on the grounds that he was charged for essentially the same crime on two separate counts, which is clearly in violation of his constitutional protection against double-jeopardy." He, thus, contends that he "has the right to be appointed counsel to represent him in appealing the original case, which he did not do prior to his being released from prison the first time." He also argues with respect to the new case, 5:09CR-30-R, that he "has not been given credit for the time he served in federal custody for his violation of supervised release."

Under Federal Rule of Criminal Procedure 44(a), "[a] defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right."

At the time that Defendant's original judgment in the instant criminal action was entered, the appeal period was 10 days from the entry of the judgment or order being appealed. *See* Fed. R. App. P. 4(b)(1)(A).[1] As his original judgment was entered nearly eight years ago in January 2004, an appeal is time-barred. Additionally, any request for extension of time in which to file an appeal is also untimely as the district court may extend the time to file a notice of appeal only

---

[1] Effective December 1, 2009, the time in which to file an appeal in a criminal case increased from 10 to 14 days. *See* Fed. R. App. P. 4(b)(1)(A) (eff. Dec. 1, 2009).

for a period not to exceed 30 days from the expiration of the 10-day period in effect at the time of his sentencing. *See* Fed. R. App. P. 4(b)(4). As any appeal is untimely, appointment of counsel is not required under Rule 44(a).

Further, Defendant has not presented a circumstance which requires appointment of counsel under 18 U.S.C. § 3006A(a)(1) (listing those instances when representation shall be provided), and he has not demonstrated that the "interests of justice" require appointment. *See* 18 U.S.C. § 3006A(a)(2) (permitting, under limited circumstances, appointment when the "interests of justice so require"). At this point, Defendant may seek relief from his sentence only by way of a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

As to Defendant's claim that he has not received credit for time served in federal custody for violation of his supervised release, he is not entitled to counsel in such a post-conviction proceeding and has not demonstrated that any such appointment would be in the interests of justice. Moreover, under 18 U.S.C. § 3585(b), "[a] district court may review the BOP's calculation, but may not compute sentencing credit in the first instance, for it is the Attorney General [through the BOP], not the court, who has the authority to calculate sentence credits for time served before sentencing." *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)). "Although a prisoner may seek judicial review of the computation of this credit under 28 U.S.C. § 2241, he may do so only after he has sought administrative review and has exhausted all of his administrative remedies." *United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001).

For these reasons, **IT IS ORDERED** that Defendant's motion for appointment of counsel (DN 53) is **DENIED**.

The **Clerk of Court is directed to send Defendant a form** for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, should Defendant desire to file such actions.

Date:


cc: Defendant, *pro se*
 Counsel of Record
4413.005