# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 5:03CR-21-R |
| LAVANCE N. DAVENPORT | DEFENDANT |

## MEMORANDUM AND ORDER

Defendant LaVance N. Davenport filed a *pro se* letter seeking retroactive application of sentencing guidelines implementing the Fair Sentencing Act of 2010 (FSA) to his crack-cocaine sentence (DN 56). The Court construes this as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). For the reasons that follow, the motion will be denied.

### I.

By way of background, on August 26, 2003, Defendant entered a plea of guilty to two counts of drug-trafficking offenses, and on January 16, 2004, he was sentenced to a total term of imprisonment of 70 months with an eight-year period of supervised release. The Judgment and Commitment Order was entered January 23, 2004. On or around May 20, 2008, following the Court's reduction of Defendant's sentence based on the retroactive application of the 2008 crack-cocaine amendments to the Sentencing Guidelines, Defendant was released from imprisonment to begin serving his term of supervised release. Thereafter, Defendant was arrested on other drug-trafficking charges to which he pleaded guilty. *See* Criminal Action No. 5:09CR-30-R. On March 30, 2011, the Judgment and Commitment Order was entered in the new case, 5:09CR-30-R, imposing a total term of imprisonment of 120 months and a total period of supervised release of eight years. Also on that date, the Court revoked Defendant's

supervised release imposed in the instant case and committed Defendant to the custody of the Bureau of Prisons for a term of 18 months to run consecutively to the term of imprisonment imposed in the new 5:09CR-30-R.

**II.**

The FSA was signed into law effective August 3, 2010. *See* Pub.L. No. 111-220, 124 Stat. 2372 (2010). The FSA, in part, increased the quantities of crack cocaine that trigger the five and 10-year federal statutory mandatory minimum penalties. *See* www.ussc.gov (FAQ's). It also granted the United States Sentencing Commission emergency amendment authority to temporarily change the guidelines to implement the statutory changes and to add certain enhancements and reductions to the sentencing guidelines. *Id.* On April 28, 2011, the Sentencing Commission submitted to Congress the proposed permanent guideline amendment implementing the FSA. *Id.* On June 30, 2011, the Sentencing Commission voted to give retroactive effect to the proposed permanent guideline amendment. *Id.* This proposed permanent guideline amendment went into effect on November 1, 2011, as did the retroactive effect and changes to § 1B1.10 of the Sentencing Guidelines (Reduction in Term of Imprisonment as a Result of Amended Guideline Range), the policy statement governing retroactivity. *Id.*

Under 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment once it has been imposed except in limited circumstances. Under § 3582(c)(2), modification is permissible:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Under § 1B1.10, "only a term of imprisonment imposed as part of the *original sentence* is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S. Sentencing Guidelines Manual § 1B1.10, Application Note 5(A) (revised Nov. 1, 2011) (emphasis added). In the instant criminal action, Defendant is not imprisoned under his "original sentence." Rather, he served that sentence and was released to serve a term of supervised release. The current 18-month term of imprisonment imposed in this case in March 2011 is due to revocation of his supervised release.

Because reduction is not authorized in such a situation, **IT IS ORDERED** that Defendant's motion for reduction of his sentence under § 3582(c)(2) (DN 56) is **DENIED**.

Date:

cc: Defendant, *pro se*
 Counsel of Record
4413.005